IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br>    Plaintiff,<br>v.<br>OKL CONSULTING GROUP, INC.,<br>    Defendant. | Case No. 17-cv-05796-CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Francisca Moralez seeks the entry of a default judgment against Defendant OKL Consulting Group ("OKL"). For the reasons that follow, the Court GRANTS the motion.

## I. BACKGROUND

Moralez suffers from rheumatoid arthritis and uses a wheelchair for mobility. Compl. ¶ 8 (dkt. 1). Moralez contends that, on or about May 27, 2017, she visited a gas station called Gas of America in Antioch, California, which is owned and/or operated by OKL. Compl. ¶ 1. Moralez alleges that she was unable to find a van-accessible parking space and encountered an "excessively sloped" ramp, heavy front doors, and a transaction counter too high for her to easily reach. Compl. ¶ 10. She contends that these physical features of the gas station violate the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), and its California equivalents, see Cal. Civ. Code § 51; Cal. Health & Safety Code § 19955; Compl. ¶¶ 16-46.

Moralez filed a complaint against OKL on October 7, 2017. Compl. OKL failed to respond. The Clerk of the Court issued a Summons, (dkt. 5), and Moralez had the Summons served. (dkt. 9). OKL still failed to appear. Moralez then filed a Motion for

Entry of Default, (dkt. 10), which the Clerk's Office granted, (dkt. 11). Moralez has now filed a Motion for Default Judgment requesting damages of $4,000—the minimum statutory amount under California law for civil rights or discrimination claims, see Cal. Civ. Code § 52(a)—and an injunction requiring that within six months OKL modify its gas station such that:

> a) The required number of properly configured and identified van-accessible parking stall(s), with access aisle on the passenger side of the parking stall, shall be provided;
> b) A properly configured curb ramp shall be provided along the route of travel from the designated accessible parking to the Facility entrance;
> c) The operating pressure of the Facility entrance door shall be properly adjusted and maintained; and
> d) A properly configured accessible portion of the transaction counter shall be provided.

(dkt. 12-7 at 1-2). She also seeks attorneys' fees in the amount of $3,281.55. Mot. at 7-9. The Court held a hearing on October 26, 2018, at which OKL again failed to appear. (dkt. 16).

## II. LEGAL STANDARD

Whether to grant a motion for the entry of a default judgment is within the discretion of the trial court. See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Upon an entry of default by the Clerk, the factual allegations of the plaintiff's complaint will be taken as true, except those relating to the amount of damages. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008). In determining whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties," In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999), including whether notice has been adequately given, see Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Fed. R. Civ. P. 55(a); accord Dytch v. Bermudez, 2018 WL 2230945, at *2 (N.D. Cal. May 16, 2018), reconsideration denied, 2018 WL 3643702 (N.D. Cal. Aug. 1, 2018).

## III. DISCUSSION

### A. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 1331, as the Complaint alleges violation of a federal statute, and supplemental jurisdiction under 28 U.S.C. § 1367 over the pendant state law claims. See Compl. ¶ 3. Likewise, the Court has jurisdiction over the parties, as OKL's facility is located within this district and the plaintiff resides within the district. See Compl. ¶¶ 7-8.

Moralez's proof of service indicates that on October 19, 2017, a process server personally served Daven Loomba, who the process server indicated is a registered agent of OKL, with a copy of the complaint and a variety of related documents. Summons at 1. At the hearing on this motion, (dkt. 16), counsel for Moralez stated that Loomba had indicated to Moralez's agent that Loomba was, at least as of the summer of 2018, the owner of OKL, but that he had entered into a management agreement with a third party that gave that third party an option to purchase the facility. Moralez's counsel stated that his understanding was that Loomba intended to sell the facility, but that, as of the summer of 2018, that process was incomplete. Id.

Federal Rule of Civil Procedure 4, which governs the service of summons, requires only that the party effecting service make a "good faith effort to comply with the requirements" imposed by Rule 4. Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1136 (9th Cir. 2009). Given that Moralez gave notice to the registered agent of OKL and that agent confirmed at the time of service that he was, in fact, the owner of the facility, the Court concludes that this standard was met in this case. Thus, OKL was adequately given notice. See Omni Capital Int'l, Ltd., 484 U.S. at 104.

### B. Entry of Default Judgment

Having concluded that the Court has jurisdiction over this case, the Court now turns to whether to enter default judgment in this case. In making that assessment, this Court examines the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the

sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the likelihood of obtaining a decision on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Under the first factor, Moralez would face possible prejudice without a default judgment because "[w]ithout entry of default, [Moralez] would have no other means of recourse" against OKL. See Shaw v. Five M, LLC, 2017 WL 747465, at *3 (N.D. Cal. Feb. 27, 2017). Absent an injunction, Moralez would continue to face the barriers to entry that she alleges that she faces at OKL's facility. See Compl. ¶¶ 9-15. This factor thus supports Moralez's claim.

The second and third factors turn on the merits of Moralez's claim; that is, whether she has set forth adequate allegations that would, if true, entitle her to relief. Eitel, 782 F.2d at 1471-72. The ADA requires that the plaintiff show that (1) she is disabled, (2) the facility in question is a "place of public accommodation," and (3) the plaintiff faced discrimination. 42 U.S.C. § 12182(a). As relevant here, the third prong of that inquiry satisfied when (a) the facility in question has an "architectural barrier" that precludes people with disabilities from enjoying equal access to the facility and (b) where removal of those barriers "is readily achievable." Id. at § 12182(b)(2)(A)(iv).

Moralez has alleged sufficient facts to satisfy these requirements. First, she suffers from rheumatoid arthritis and uses a wheelchair for mobility, and thus qualifies as disabled. Compl. ¶ 8. Second, the facility in question is a gas station, which the ADA expressly describes as a "place of public accommodation." 42 U.S.C. § 12181(7)(F). Third, she has alleged that the following architectural barriers violate the ADA: the lack of van parking, see 2010 ADAAG Standards § 208.2.4, the excessively sloped ramp, id. § 405.2, and the too-high service counter, id. § 904.4. She also alleges that the removal of these barriers is readily achievable. Compl. ¶ 21. Moralez has thus adequately alleged an ADA violation. Moreover, because an ADA violation is a *per se* violation of the California Uruh Act, she has also adequately alleged a violation of the Uruh Act. See Cal.

4

Civ. Code § 51(f); Lentini v. Cal. Ctr. For the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("[A] violation of the ADA is, per se, a violation of the Unruh Act."); Compl. ¶¶ 34-41. Thus, the second and third factors, too, support Moralez's motion for default judgment.

The fourth factor examines the sum of money at stake in the action. Eitel, 782 F.2d at 1471-72. Moralez seeks only the statutory minimum in damages: $4,000. Mot. At 2; see Cal. Civ. Code § 52(a). The sum of money at stake cannot be viewed as excessive. See Shaw, 2017 WL 747465, at *4 ("When the amount is substantial or unreasonable, default judgment is discouraged."). This factor thus further supports Moralez's claim.

Turning to the three remaining factors, there is no possibility of a dispute over material facts—the fifth factor—because, upon an entry of default by the Clerk, the factual allegations of the plaintiff's complaint related to liability will be taken as true. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008); Eitel, 782 F.2d at 1471. Nor is there any reason to believe that OKL's failure to appear was due to excusable neglect—the sixth factor. Eitel, 782 F.2d at 1472. Moreover, although default judgments are generally disfavored when a case may be decided on the merits, see Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985), OKL's failure to appear has rendered a decision on the merits impossible—the seventh factor. See Eitel, 782 F.2d at 1472.

Each of the Eitel factors thus weighs in favor of default judgment. In consequence, the Court concludes that entry of default judgment in favor of Moralez is warranted in this case. The Court thus GRANTS default judgment in favor of Moralez.

**C.    Remedies**

The question, then, becomes what remedies are appropriate in this matter. As mentioned above, Moralez seeks damages only under California law, which provides a minimum statutory damage amount of $4,000. Cal. Civ. Code § 52(a). Moralez seeks only that minimum. Mot. at 6. As it is the statutory minimum, the Court GRANTS damages in the amount of $4,000.

Moralez also seeks an injunction requiring that within six months the defendant

make various structural changes to remedy the architectural barriers she identifies. (dkt. 12-7 at 1-2). Injunctions may be granted in situations of default judgment, see Craigslist, Inc. v. 3taps, Inc., 2015 WL 5921212, at *3 (N.D. Cal. Oct. 11, 2015), and are appropriate when a party demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." N. Cheyenne Tribe v. Norton, 503 F.3d 836, 843 (9th Cir. 2007).

The ADA permits injunctive relief to remedy injuries imposed by architectural barriers. 42 U.S.C. § 12188(a)(2); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 951 (9th Cir. 2011). California law also permits plaintiffs to seek injunctions for disability law violations. Cal. Civ. Code. § 55.

Moralez alleges that the continued barriers to her access to and use of OKL's facility have deterred her from using the facility, Compl. ¶ 12, and thus that she faces irreparable harm that damages are insufficient to remedy. With regard to the balance of the hardships and the public interest that would be served by an injunction, the injunction Moralez seeks corresponds with the ADA and California law violations that she has alleged, and thus does not impose requirements above what these ADA and California laws require. See (dkt. 12-7 at 1-2). This Court cannot conclude that "the public interest would be disserved by a permanent injunction" requiring compliance with the law. See Norton, 503 F.3d at 843. The Court thus GRANTS Plaintiff's motion for an injunction.

### D. Attorneys' Fees

Finally, Moralez seeks attorneys' fees. Mot. at 7-9. Attorneys' fees are permitted under both the ADA, 42 U.S.C. § 12205, and California law, Cal. Civ. Code § 55. Moralez seeks attorneys' fees based on a calculation of $495 per hour for her attorney, Zachary Best, and $150 and $120, respectively, for his two paralegals, as well as costs and litigation expenses in the amount of $466.05. Mot. at 9. This Court has recently granted attorneys' fees based on these rates to this attorney. See Trujillo v. Orozco, 2018 WL

1142311, at *3 (N.D. Cal. Mar. 2, 2018); cf. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (holding that attorneys' fees calculations must be based on a "reasonable hourly rate"). The Court thus concludes that this fee request is not unreasonable. Nor does the Court determine that the total amount requested—$3,281.44—is exorbitant. See (dkts. 12-1, 12-2, 12-3, 12-4, 12-5). The Court thus GRANTS Moralez's motion for attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Moralez's Motion for Default Judgment and ORDERS that:

1. Judgment is hereby entered against Defendant OKL Consulting Group based on Moralez's claims under the Americans With Disabilities Act, California Civil Code § 51.5, and California Health and Safety Code § 19955(a).
2. Plaintiff Moralez is entitled to recover $4,000 in damages and $3,281.44 in attorneys' fees from Defendant OKL Consulting
3. Defendant OKL Consulting is hereby ordered, within six months, to modify its gas station such that:

   > a) The required number of properly configured and identified van-accessible parking stall(s), with access aisle on the passenger side of the parking stall, shall be provided;
   > b) A properly configured curb ramp shall be provided along the route of travel from the designated accessible parking to the Facility entrance;
   > c) The operating pressure of the Facility entrance door shall be properly adjusted and maintained; and
   > d) A properly configured accessible portion of the transaction counter shall be provided.

4. Plaintiff Moralez is to serve notice of this order upon (1) the registered agent of OKL Consulting and (2) on the person currently operating the facility pursuant to the management agreement about which the Plaintiff informed the Court at the hearing on October 26, 2018, (dkt. 16).

Should Defendant OKL Consulting wish to challenge default judgment in this matter, it may do so in a timely manner.

**IT IS SO ORDERED.**

Dated: November 5, 2018



CHARLES R. BREYER
United States District Judge